Marion M. Bevan, et al. * v. Commissioner. Bevan v. Commissioner
Docket Nos. 44435, 44436, 51708.
United States Tax Court
T.C. Memo 1955-85; 1955 Tax Ct. Memo LEXIS 255; 14 T.C.M. (CCH) 280; T.C.M. (RIA) 55085; April 13, 1955
*255 Held, on the facts, that the mother furnished more than one-half of the support of her two children and therefore she is entitled to claim dependency credits for them. Irvine E. Ungerman, Esq., for the petitioner, Docket Nos. 44435, 44436. J. Eben Hart, Esq., for the petitioners, Docket No. 51708. Paul M. Newton, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion These proceedings, which were consolidated for trial, involve deficiencies in income taxes of the petitioners as follows: Year
Petitioners
Deficiency
1949
Marion M. Bevan
$205.13
1950
Marion M. Bevan
217.00
1949
Virgil and Georgia Cloer
199.40
1950
Virgil and Georgia Cloer
240.24
The question is which, if either, of the petitioners is entitled to claim dependency credits for *256 two children for the years 1949 and 1950. The respondent claims that neither petitioner may claim the children as dependents. One issue, involving petitioners Virgil and Georgia Cloer, has been settled by a stipulation. Findings of Fact Petitioner Marion M. Bevan is an individual who during the years 1949 and 1950 was unmarried and was a resident of Fort Worth, Texas. She is now married to Thomas J. Bevan and is a resident of Tulsa, Oklahoma. Her individual income tax returns for the years here involved were timely filed with the collector of internal revenue for the second district of Texas. Petitioners Virgil R. Cloer and Georgia Lurline T. Cloer are husband and wife who until May 1949 were residents of Fort Worth, Texas, and for the remainder of 1949 and all of 1950 were residents of Tulsa, Oklahoma, where they presently reside. Their joint individual income tax returns for the years here involved were timely filed with the collector of internal revenue for the district of Oklahoma. Virgil and Marion were married in 1939. In February 1941 twin daughters named Courtney and Christney were born of the marriage. In mid-1945, Virgil began a tour of service in the United States *257 Navy. At that time, Marion was employed in Fort Worth, Texas, by Delta Air Lines as a ticket agent working on so-called "shift-work" or irregular hours. After Virgil's departure for the service, Marion placed the children in the home of her aunt, Mrs. D. L. (Bert) Campbell, who resided in Fort Worth. Virgil was discharged from the Navy in June 1946. In October 1946, Virgil and Marion were divorced by appropriate order of a court in Tarrant County, Texas, under which order Marion was awarded the care and custody of the two children and Virgil was ordered to pay $50 monthly for their support. In the latter part of 1946, Marion was employed in Fort Worth by American Airlines, doing similar work and on similar hours as her prior employment with Delta Air Lines, and was so employed during the years 1949 and 1950. The children continued to reside in the home of Mrs. Campbell in 1949 and 1950 and Marion resided in an apartment in Fort Worth located about a mile from the Campbell home. The children were enrolled in public school in Fort Worth. During 1949 and until February 1950, the Campbell household consisted of Mr. Campbell, Mrs. Campbell, Mrs. Campbell's invalid mother, and the *258 two children. In February 1950, Mrs. Campbell's mother died, and thereafter during 1950 the household consisted of Mr. and Mrs. Campbell and the two children. The Campbells owned their home, which was a two-bedroom stucco dwelling with a closed-in porch on the back. In 1949 repairs and painting were undertaken on the home and a part of the garage was converted into an apartment for Mrs. Campbell's mother. Mr. Campbell's business was horse trading, from which he derived income in each of the years 1949 and 1950 in an undisclosed amount. Mrs. Campbell had no independent source of income. During 1949 and until her death in February 1950, Mrs. Campbell's mother received an old-age pension in an undisclosed amount. Marion requested Virgil to make the support payments ordered by the court direct to Mrs. Campbell. In accordance with this request, Virgil paid direct to Mrs. Campbell the total amount of $600 in 1949 and $720 in 1950. Mrs. Campbell received this money and expended it as she saw fit. Marion never contributed any money to the ordinary support of the Campbell household except for the occasional purchase of a turkey on Thanksgiving and Christmas. Marion had no savings *259 prior to 1949 or at the end of either 1949 or 1950 and spent her entire earnings during those years on the upkeep of herself and the two children. During those years, the rent on Marion's apartment was $50 a month, which expense was shared equally by her and a roommate. She wore uniforms in her work and ate out in restaurants frequently as someone's guest. Marion's salary from American Airlines, which was her sole source of income in 1949 and 1950, was in the following amounts: 1949
1950
Gross Salary
$3,009.81
$3,215.60
Taxes Withheld
147.28
187.14
Salary after Taxes
$2,862.53
$3,028.46
During the years 1949 and 1950, Courtney was in ill health as a result of a minor form of epilepsy, for which she had been under the care of a doctor for several years. During the years 1949 and 1950, Marion paid the following doctor and medical bills in support of the children: 1949
1950
Doctor Boyess
$80.00
Doctor Buxton
36.00
Medicine
36.00
$ 36.00
Dental Expense
100.00
In 1949, Marion paid $175 to a painter for work done on the Campbell home. In March 1950, Marion took the children on a vacation trip to Tucson, Arizona, the transportation *260 therefor being furnished by complimentary employee pass on American Airlines. In addition, in each of the years herein involved, Marion personally purchased or gave Mrs. Campbell money to purchase clothing for the children. In 1949, she paid $446.70 for their clothing and, in 1950, $458.70. In 1949, Marion also expended $240 for miscellaneous items for the children such as Christmas and birthday gifts, entertainment and other items. In 1950, she spent $365 for similar items. Virgil also expended additional amounts for miscellaneous items for the children in each of the two years involved. He purchased clothing for them, and bought them Christmas and birthday gifts. He spent $200 in each of the years 1949 and 1950 on these items. The total cost of supporting the children in 1949 was $1,638.70, of which Marion contributed $838.70, or more than one-half. The total cost of supporting the children in 1950 was $1,879.70, of which Marion contributed $959.70, or more than one-half. Marion is entitled to exemptions for both children in each of the two years before us. Opinion ARUNDELL, Judge: The problem here is to determine which of the two parents of twin daughters is entitled *261 to claim the dependency credits for the support of their children during 1949 and 1950. There is no question about the legal principles involved and no purpose would be served by reiterating them. It is sufficient to state that under section 25(b)(1)(D), [1] and related subsections of the Internal Revenue Code of 1939, applicable to the years in issue, a parent was entitled to a credit of $600 for each child, with an annual income of less than $500, "over half of whose support" he provided. To qualify for the credit, a taxpayer must prove: (1) that the gross income of the child was less than $500; (2) that the requisite familial relationship existed; and (3) that he furnished over one-half the support of the child. The first two elements are conceded here. *262 The core of this case is in the controversy over the third element, and this involves a simple question of fact. The burden is on the taxpayer to prove that he furnished more than one-half of the support of each dependent claimed by him. Of course, this requires the taxpayer to show the total cost of the dependent's support. The respondent contends that neither the father nor the mother proved the total amount expended for the care of the two children. We disagree. While the matter is not without some doubt, we think that the record supports the conclusion that the amounts expended by the two parents on the children or for their benefit constituted the total support of the youngsters. We think that the aunt who housed them was recompensed for the fair rental value of the space she provided for them as well as for the food which she bought for them and for any other expenses she may have incurred on account of taking care of the children. The father paid her directly in cash and we think it can be inferred that these payments took care of her reimbursement for food and rent. The mother bought their clothes and paid their medical bills. Consequently, we think that between them the *263 two parents provided the full support of the two little girls and no part of their support was furnished by the aunt. Our findings show the respective amounts contributed by each during the two years involved and that the mother, Marion, contributed slightly more than one-half in each year. Therefore, she is entitled to credits for the support of the children in her returns for both years. Another issue was raised by petition in Docket No. 51708 but that has been settled by stipulation. Decision for the petitioner in Docket Nos 44435 and 44436. Decision will be entered under Rule 50 in Docket No. 51708. Footnotes
*. The proceedings of the following petitioners are consolidated herewith: Marion M. Bevan, Docket No. 44436, and Virgil R. Cloer, Docket No. 51708. ↩
1. SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. * * *
(b) Credits for Both Normal Tax and Surtax. - (1) Credits. - There shall be allowed for the purposes of both the normal tax and the surtax, the following credits against net income: * * *
(D) An exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, except that the exemption shall not be allowed in respect of a dependent who has made a joint return with his spouse under section 51 for the taxable year beginning in such calendar year.↩